E-FILED
Tuesday, 27 November, 2018 10:28:56 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE S. ALVAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 18-cv-4146-JBM |
| | ) |
| STATE OF ILLINOIS, et al., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, pursues a § 1983 action alleging denial of the First Amendment right to free association, Fourteenth Amendment equal protection, a state-court right to "privilege of visitation" and violation of regulations at the Hill Correctional Center ("Hill"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In July 2015, Plaintiff was transferred to Hill from the Menard Correctional Center. Plaintiff alleges that while at Menard, he was allowed visitation with his brother, Luis Sepulveda, but denied it at Hill. On December 11, 2015, Defendant Warden Dorethy told Plaintiff that after six months, he could renew his visitation request. Plaintiff's subsequent

requests for visits with Mr. Sepulveda were denied by Defendant McLaughlin on August 25, 2016, by Defendant Dorethy on May 4, 2017, and by both Dorethy and McLaughlin on May 4, 2017. Plaintiff does not disclose the reason for the denial, claiming only that his brother had not been convicted of a crime related to Plaintiff's conviction.

Plaintiff alleges First and Fourteenth Amendment violations as well as violations of state statute and Illinois Department of Corrections ("IDOC") IDOC regulations. He names the State of Illinois, IDOC, IDOC Director Baldwin, Warden Dorethy and Assistant Warden McLaughlin. He seeks injunctive relief and money damages

Plaintiff claims that Defendants' actions violated his constitutionally protected right to free association with his brother. The First Amendment guarantees "the right to associate with certain individuals, including family members. However, the right is not absolute when it comes to prisoners." *Ruddock v. Mueller*, No. 18- 01072, 2018 WL 3641745, at *4 (S.D. Ill. Aug. 1, 2018) (internal citations omitted). "Restrictions on this right will be upheld if they are 'reasonably related to legitimate penological interests.'" *Id*. at *4 quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987). It is not clear at this stage whether Defendants had a legitimate penological interest in denying the visits, so this claim will procced. Plaintiff is advised, however, that the courts must 'give substantial deference to the professional judgment of prison administrators…" As a result, it is not Defendants' burden to "prove the validity of prison regulations but on the prisoner to disprove it." *Bates v. Bartel*, No. 17-250, 2018 WL 4518031 at *4 (W.D. Wis. Sept. 20, 2018), quoting *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

Plaintiff also raises an undeveloped claim that the denial of visitation violated his rights to equal protection under the law. Plaintiff fails to allege, however, that he was treated differently from other similarly situated individuals or that he was singled out for unfair

2

treatment. *See Abcarian v. McDonald,* 617 F.3d 931, 938 (7th Cir.2010) ("[t]he Equal Protection Clause of the Fourteenth Amendment most typically reaches state action that treats a person poorly because of the person's race or other suspect classification…" Here, Plaintiff does not reveal his race, or that of Defendants, and does not offer any facts to support that his restricted visitation was racially motivated. *See Bates*, 2018 WL 4518031, at *3 (dismissing claim where Plaintiff failed to establish defendants discriminated due to his race).

If Plaintiff is not alleging racial discrimination, he might otherwise proceed on a class-of-one equal protection claim. A class of one claim may arise when a defendant "irrationally targets an individual for discriminatory treatment." *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). "A plaintiff alleging a class-of-one equal protection claim must establish that (1) a state actor has intentionally treated him differently than others similarly situated, and (2) there is no rational basis for the difference in treatment." *Id*. at 695. Here, Plaintiff does not identify any other similarly situated inmates and does not allege that he was treated differently than they. Plaintiff's equal protection claim is DISMISSED, though he will be given leave to replead, should he wish.

Plaintiff also asserts that Defendants have violated his state-law right to visitation, not particularly identified. The Court presumes that Plaintiff is referring to 730 ILCS § 5/3-7-2(f), which provides that facilities "shall permit" visitation to prisoners. This is so unless "such visiting would be harmful or dangerous to the security, safety or morale of the institution or facility." *Id*. It has been noted that an inmate's right to receive visitors is not unqualified, as "[t]he plain language of section 3–7–2(f) does not grant unrestricted visitation; it merely allows inmates to receive visitors, and even then just to the extent it does not hinder the safety or security of the institution or facility." *Delago v. Godinez*, No. 15-1180, 2015 WL 6848102, at *2

3

(C.D. Ill. Nov. 6, 2015), *aff'd sub nom. Delgado v. Godinez*, 683 Fed. Appx. 528 (7th Cir. 2017), quoting *Parker v. Snyder,* 352 Ill.App.3d 886, 889 (Ill.App.Ct. 4th Dist. 2004). Here, it is not clear whether Defendants denied the visitation with Mr. Sepulveda due to safety, security or other concerns, so this claim will go forward, pending a more fully developed record.

Plaintiff goes on to assert a constitutional claim for Defendants' alleged failure to follow IDOC rules and regulations. Such rules and regulations, however, "were designed to provide guidance to prison officials in the administration of prisons" and not to confer rights on inmates. *Ruddock v. Mueller*, No.18- 01072, 2018 WL 3641745, at *7 (S.D. Ill. Aug. 1, 2018) (internal citations omitted). Prison officials' failure to follow rules or regulations will not give rise to a constitutional claim, although it may provide some support for such a claim. *Id*., quoting *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) ("[t]he federal government is not the enforcer of state law.") This claim is DISMISSED with prejudice.

Plaintiff names the State of Illinois and IDOC, a state agency, though neither are amendable to suit under § 1983. "[A] state and its agencies are not suable 'persons' within the meaning of section 1983…" *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012), citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989); 42. U.S.C. § 1983. The State of Illinois and IDOC are DISMISSED, with prejudice.

Plaintiff claims that Defendant Baldwin has a policy of "nonsupervision" of staff and "knew" that the visitation was denied. Plaintiff does not claim that he ever communicated with Defendant Baldwin or indicate how Defendant would have known that he was denied visits with his brother. The doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under §1983 and Defendant Baldwin is not liable for the actions of others merely because

4

he is their supervisor. *See Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Plaintiff fails to state a claim against him and Defendant Baldwin is DISMISSED.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the First Amendment and state-law claim that Defendants Dorethy and McLaughlin interfered with Plaintiff's right to free association and visitation with his brother. Plaintiff will be given an opportunity within 30 days, to file an amended complaint reasserting the equal protection claim. If he does so, it is to be styled Amended Complaint and is to assert all allegations against all Defendants, replacing the original complaint in its entirety. Any claims not identified will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants State of Illinois, IDOC and Baldwin are DISMISSED.

2. Plaintiff files [4] a motion for recruitment of pro bono counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [4] is DENIED at this time. In the event that Plaintiff renews his motion, he is to provide copies of the letters sent to, and received from, prospective counsel.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided

by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within the prescribed by Local Rule.  A Motion to Dismiss is not an answer. The answer it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

6. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

7. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

9. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

11/27/2018
ENTERED

s/Joe Billy McDade
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE